IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| RUTH ANN WARNER, as Guardian of JONATHAN JAMES BREWSTER WARNER  Plaintiff,  v.  CENTRA HEALTH, INC., et al.,  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 6:19cv00055 |

### REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF EXHIBITS TO STRYKER AND MEADOWS AFFIDAVITS

COMES NOW the Plaintiff, by counsel, and in further support of her motion to compel production of the exhibits to the Affidavits of Ted Stryker and Gina Meadows states as follows:

### INTRODUCTION

Centra's opposition (Doc. 55) speaks both past and around the issue before the Court. It speaks past the issue in that it focuses primarily on the ultimate question of whether the claimed privilege applies. Though litigants often try to take every opportunity to "season" the Court into seeing things their way, the fact remains that whether the privilege applies is not the issue presently up for discussion. When the time comes to have that debate, Plaintiff will make a full-throated defense against Centra's claim of privilege. That defense will be both legal—including that this state law privilege simply does not apply in this case—and factual.[1] But for now, as

---

[1] *See, e.g.*, *Virmani v. Novant Health, Inc.*, 259 F.3d 284, 286 n.3 (2001) (holding that federal privilege law applies in a case involving both state and federal claims); 42 U.S.C. § 11111(a)(1) (excluding claims brought pursuant to 42 U.S.C § 1983 from the federal professional review privilege).

{00651067-1 }

directed by the Court, the issue is how best to position the ultimate question for debate, and specifically with regard to the factual question of whether the privilege applies. Centra relies upon the Stryker and Meadows Affidavits, with the exhibits thereto, to try to establish the factual predicate for its privilege claim, but yet claims that Plaintiff cannot have access to that evidence. This antecedent conundrum is all that is presently before the Court, so Centra's arguments about whether the privilege applies is premature.

Centra speaks around the issue by arguing that Plaintiff should not be allowed to review the Affidavit exhibits in part because Plaintiff has "withdrawn" her challenge to Centra's privilege claim. (Doc. 55 at 4, 8.) It is true that Plaintiff withdrew the issue from the state court's consideration, but the withdrawal was without prejudice to the right to reassert a challenge to the privilege. That is exactly what is happening now in this case. The fact that the Plaintiff withdrew the issue in a prior case has absolutely nothing to do with whether the privilege applies in this case.

## DISCUSSION

It is blackletter law that the party asserting an evidentiary privilege bears the burden of establishing both the factual basis for the privilege and that it has not been waived. And as stated above, Centra relies upon the Stryker and Meadows Affidavits, along with their exhibits, to try to satisfy this burden. Typically, when a party uses evidence to establish a position, the other party is entitled to examine and test that evidence. But here, Centra proclaims that the exhibits to the Affidavits are out of bounds for Plaintiff because they are privileged.

This is not the typical *in camera* review on a privilege claim, where the question is whether the documents being provided for the Court's review are privileged. For example, when

a party is claiming attorney-client privilege over certain documents, the existence and contours of the privilege is well established, and so the Court's *in camera* review is simply to determine whether the established privilege covers those specific documents. But here, Centra has provided the exhibits to the Court to attempt to prove the existence and contours of the privilege in the first place. Centra is asking the Court to review evidence in furtherance of carrying its burden of proving the existence of the privilege, but claims Plaintiff cannot see this evidence because it is privileged. Centra's premise is also its conclusion, and the circularity is dizzying.

The contours of this claimed privileged are far from well-established. As the Court previously noted, most people think of the § 581.17 privilege as applying to peer review committees formed after an incident to determine why it occurred and how to prevent it from happening again. Trying to stretch it to cover the communications of an apparently fluctuating group of people both within and outside of Centra discussing the creation, design, and staffing of a new building is, and should be, a heavy lift. Plaintiff thus needs to be able to examine the factual underpinnings of Centra's assertion. Plaintiff cannot effectively test whether this supposed group "function[ed] primarily to review, evaluate, or make recommendations" on the subjects set forth in § 8.01-581.16 without being able to get a feel for the subjects discussed. Centra wants to make this showing by reliance on the Affidavit exhibits, but yet seeks to shield those exhibits from Plaintiff's view. Another fact issue presented by § 581.16 is the authority pursuant to which this alleged group was established. If Centra claims that the answer to that question is somewhere in the exhibits to the Affidavits, Plaintiff should be able to see what Centra is referring to.

Moreover, there is a significant waiver issue here. As previously indicated, Plaintiff

already received—by FOIA request, prior to any litigation—some of the materials that Centra now claims are privileged.  Centra then produced additional documents in the initial rounds of discovery in state court before belatedly raising this privilege claim and seeking to claw back the documents.  And so there is a very serious question of what Centra did to safeguard this supposed privilege or whether it has been waived.  Indeed, there is a significant question of whether anyone in this supposed § 581.16 "group" even believed their communications to be privileged at the time or whether instead this privilege argument is Centra's *post hoc* attempt to shield legitimate evidence from discovery.  Thus, when Plaintiff deposes Mr. Stryker, Ms. Meadows, and others, she should be able to use the exhibits to their affidavits to explore whether anyone believed them to be confidential at the time and, if so, what steps were taken to preserve their confidentiality.

## CONCLUSION

Centra bears the burden on this issue.  It has every right to adduce evidence in furtherance of satisfying that burden.  But it is relatively unheard of for an opposing party to be denied access to evidence that is submitted to and relied upon by the Court.  There are available mechanisms to preserve Centra's claim of privilege on an interim basis without denying the Plaintiff the fundamental right of confronting the evidence being asserted against her.  The motion to compel should be granted.

Respectfully submitted,<br>
RUTH ANN WARNER, as Guardian of<br>
JONATHAN JAMES BREWSTER WARNER<br>
By Counsel

       /s/ E. Kyle McNew
E. Kyle McNew, Esquire (VSB No. 73210)
M. Bryan Slaughter, Esquire (VSB No. 41910)
MICHIEHAMLETT
310 4th Street NE, 2nd Floor
P.O. Box 298
Charlottesville, Virginia 22902
(434) 951-7200; (434) 951-6464 Facsimile
bslaughter@michiehamlett.com
kmcnew@michiehamlett.com

M. Paul Valois (VSB No. 72326)
JAMES RIVER LEGAL ASSOCIATES
7601 Timberlake Road
Lynchburg, Virginia 24502
(434) 845-4529; (434) 845-8536 Facsimile
mvalois@vbclegal.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of August, 2020, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

 Stephan F. Andrews, Esquire (VSB No. 23756)
J. Brandon Sieg, Esquire (VSB No. 84446)
O'HAGAN MEYER, PLLC
411 E. Franklin Street, Suite 500
Richmond, VA 23219
(804) 403-7100; (804) 403-7110 Facsimile
sandrews@ohaganmeyer.com
bsieg@ohaganmeyer.com
*Counsel for Baskervill Architecture, Inc.*

  Elizabeth Guilbert Perrow, Esquire (VSB No. 42820)
Daniel T. Sarrell, Esquire (VSB No. 77707)
Joshua F. P. Long, Esquire (VSB No. 65684)
Joshua R. Treece, Esquire (VSB No. 79149)
J. Walton Milam III, Esquire (VSB No. 89406)
WOODS ROGERS PLC
Post Office Box 14125
Roanoke, VA 24038-4125
(540) 983-7600
(540) 983-7711 Facsimile
eperrow@woodsrogers.com
dsarrell@woodsrogers.com
jlong@woodsrogers.com
jtreece@woodsrogers.com
wmilam@woodsrogers.com
*Counsel for Centra Health, Inc.*

  Eric P. Burns, Esquire (VSB No. 76554)
Eric L. Olavson, Esquire (VSB No. 87872)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
(703) 245-9300
(703) 245-9301 Facsimile
eric.burns@wilsonelser.com
eric.olavson@wilsonelser.com
*Counsel for Dana Luck, James Barr, and Wesley Gillespie*

{00651067-1 }   6

Jennifer D. Royer, Esquire (VSB No. 68099)
ROYER LAW FIRM, PC
Post Office Box 4525
Roanoke, Virginia 24015
(540) 788-2982
(540) 675-4093 Facsimile
jroyer@royerlawfirm.com
*Counsel for Katherine Prater*

/s/ E. Kyle McNew