CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

8/26/2020

JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| RUTH ANN WARNER, as Guardian of JONATHAN JAMES BREWSTER WARNER<br><br>Plaintiff,<br><br>v.<br><br>CENTRA HEALTH, INC. et al.,<br><br>Defendant. | Case No.: 6:19-cv-00055 |

## PROTECTIVE ORDER

The Parties hereby jointly stipulate, agree and request that this Agreed Protective Order ("Protective Order") be entered by this Court in this matter pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) as follows:

1.      In the course of this litigation it is anticipated that all parties will request access to information in which the parties or other individuals have some form of privacy interest, confidentiality interest, trade secret interest or privilege. The entry of this Protective Order is necessary to protect such information. Accordingly, the parties have entered into this Protective Order and request that the Court enter this Protective Order to prevent the unnecessary disclosure of confidential information except as set forth herein. "Confidential" as used herein does not include the meaning of the term as defined in Executive Order 13526 which addresses national security information.

2.      As used in this Protective Order, "document" is defined as all writings of every type and description, whether draft or final, including but not limited to letters, correspondence, electronic mail, memoranda, notes, drawings, graphs, charts, photographs, telephone records,

memoranda of telephone conversations or personal conversations, video or audio recordings, and other data compilations from which information can be obtained and translated, computer printouts and disks, transcripts, affidavits, contracts, agreements, calendars, diaries, telegrams, newsletters, publications, reports, records, medical records, schedules, invoices, purchase orders, business plans, income and revenue projections, balance sheets and other accounting records, agendas, summaries, and all other such documents.  Documents may also include, without limitation, answers to interrogatories, responses to requests for production, responses to requests for admission, depositions, and other information and/or documents disclosed pursuant to the disclosure and discovery rules set forth in the Federal Rules of Civil Procedure.  The term "document" also includes all copies and versions thereof which contain any additional writing, underlining, notes, deletions, or any other markings or notations, or are otherwise not identical copies of the original.  A draft or other non-identical copy is a separate "document" within the meaning of this term.

3. Any party to this action, or any non-party that is subject to a discovery subpoena, in responding to discovery in this action (hereinafter "designating party"), shall have the right to designate as "Confidential" any information, document or thing which it is disclosing and which it believes in good faith constitutes, contains, embodies, or reflects confidential medical information, policies, trade secrets, confidential business information, evaluations of medical professionals, information about medical patients, medical records, any information protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA") or other Federal or State law or regulation, communication between medical personnel and patients, any communication between medical personnel about patients, any policy, communication, or information, the disclosure of which would threaten public safety, technical, commercial,

financial, personal or business information, revenue, profit, costs, margins, other materials that may affect a party's competitive advantage if disclosed without restrictions, other valuable information covered by a legitimate privacy right or interest, or other non-public and confidential information.

4. Deposition transcripts, or portions thereof, may be designated as "Confidential" by any party to this action, or by the deponent by written notice to all counsel of record within twenty-eight (28) days after the party wishing to make the designation receives the transcript. Pending the expiration of the twenty-eight (28) day period, the entirety of the deposition transcript and all information therein shall be presumed be "Confidential".

5. At any time after the delivery of documents designated "Confidential," counsel for the receiving party may challenge the confidential designation of any document or transcript by providing written notice thereof to counsel for the producing party that specifically identifies the documents or information subject to the challenged designation. If the producing party seeks to maintain the confidential designation(s), it must endeavor to obtain dates from the Court and all other parties within 60 days of the objection, schedule a hearing with the scheduling clerk and noticing the hearing once it is set. If no hearing can be set within 60 days, the hearing shall be set as soon thereafter as possible. The document(s) shall remain "Confidential" until further ruling from this Court. All parties agree to act in good faith to provide available dates within 60 days of the objection and to make themselves available to appear at a hearing within 60 days of the date of the objection.

6. No information, documents or things identified as "Confidential" shall be disclosed to any person or entity except as set forth in this Protective Order. Nothing contained in this

Protective Order shall affect the right of the designating party to disclose or use for any purpose the information, documents or things produced and/or designated by it as "Confidential."

7. Documents are designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL." Documents designated as "CONFIDENTIAL" will be replaced by unmarked copies for use at trial, without waiving the rights and obligations under this Order.

8. Information, documents and things designated as "Confidential" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i) inside and outside counsel for each party to this action, including the law firms, their partners, shareholders, and associates who are working on this action on behalf of any party, and the paralegals, assistants, and stenographic and clerical employees working under the direct supervision of such attorneys;

(ii) Insurance carriers for the Defendants including its employees whom Defendants' counsel may deem necessary;

(iii) Employees, agents or representatives of Defendants whom defense counsel may deem necessary to consult for the preparation of trial of this case or other stages of this litigation and the Plaintiff in this action;

(iv) independent experts and consultants, and employees and assistants under the control of such experts or consultants, who are expressly retained or sought to be retained by any party to assist in the preparation or trial of this action or to consult on this case, with disclosure only to the extent necessary to perform such work;

(v) court reporters performing services in connection with this action;

(vi) the Court or its staff in connection with the Court's administration and adjudication of this action;

(vii) outside vendors who perform litigation services including, but not limited to, computer database preparation, document coding, image scanning, photocopying, mock

trial, jury profiling, translation, or exhibit preparation in connection with this action, but only for so long as necessary to perform those services; and

(viii)   any other individuals who are mutually agreed upon in writing by the parties to this action or who are approved by the Court upon motion by any party to this action.

9.   Documents and things designated as "Confidential" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of those persons or entities referred to in this Order.

10.   In the event that any "Confidential" document is used in any court proceeding or deposition in connection with this litigation, it shall not lose its status as "Confidential" through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such use.

11.   Notwithstanding any other provision contained herein, this Order prohibits the parties from using or disclosing protected health information for any purpose other than the litigation for which such information was requested and requires the return to the covered entity from which it was received or destruction of protected health information (including all copies made) at the end of this litigation.

12.   The provisions of this Protective Order shall remain in effect and binding upon all parties for five (5) years beyond the termination of this action.  As used herein, "termination" is understood to mean the dismissal with prejudice of all claims, whether by agreement or court order, or the exhaustion of all available appellate remedies.  Upon expiration of the five-year period, each party to this action shall either (a) assemble and return all information, documents and things designated as "Confidential," including all copies, summaries, excerpts, charts or notes thereof, to the party or person from whom the "Confidential" material was obtained; or (b) certify in writing

that all such information and material has been destroyed (including copies provided to third parties).

13. The inadvertent or unintentional disclosure by a party or non-party of information, documents or things which it believes should have been designated as "Confidential," or other information that should not have been produced in this case, regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the party's or non-party's rights claim of confidentiality or right of nondisclosure, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party or non-party notifies the receiving party promptly upon discovery of the inadvertent disclosure or unintentional failure to designate. If a party or non-party inadvertently or unintentionally produces or provides discovery of any "Confidential," without designating it as such, or otherwise produces irrelevant information, the party or non-party may give written notice to the receiving party(ies) that the information or material is "Confidential" or irrelevant and should not have been produced. The "Confidential" materials must be treated in accordance with the provisions of this Protective Order from the date of notice, and the irrelevant information must be returned.

14. The inadvertent or unintentional production of discovery which a party or nonparty later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product privilege ("Inadvertently Produced Privileged Material") will not be deemed to waive any privileges. A party or non-party may request the return of any Inadvertently Produced Privileged Material. A request for the return of any Inadvertently Produced Privileged Material shall identify the discovery inadvertently or unintentionally produced and the basis for withholding such discovery from production. If a receiving party

discovers that discovery may have been inadvertently or unintentionally produced, it shall promptly notify the producing party. If a party or non-party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Material, the receiving party(ies) shall not use or disclose, and shall immediately cease any prior use of, such materials and shall return to the party or non-party the Inadvertently Produced Privileged Material or confirm that the Inadvertently Produced Privileged Material has been destroyed and in either case, destroy all copies thereof. The receiving party(ies) returning or destroying such Inadvertently Produced Privileged Material shall not assert as grounds for an order compelling production of the Inadvertently Produced Privileged Material the fact or circumstances of the inadvertent or unintentional production or the information inadvertently produced therein.

15. If it is necessary to file documents or things containing "Confidential" with the Court, the filing party shall seek that such documents or things shall be filed under seal pursuant to the rules of this Court. However, nothing in this Order shall be construed as permitting the prospective filing of documents under seal. Any party seeking to file any papers designated "Confidential" under seal must comply with the procedures of Rule 9 of the Local Rules and any Rule 16(b) Scheduling Order that may be entered in this case.

16. In the event documents, information or things designated as "CONFIDENTIAL" are introduced into evidence or considered by the Court or the trier of fact, neither the designation nor the fact of such designation, shall be admitted into evidence or considered by the Court or the trier of fact; provided, however, that such documents, information or things themselves shall still be considered so designated and shall be submitted in accordance with this Order.

17. The designation of documents, information or things as "CONFIDENTIAL" pursuant to this Order shall not be construed as a concession that such documents, information or

things is relevant or material to any issues or is otherwise discoverable or admissible. Nor shall the inspection or receipt by a party to this action of documents, information or things designated as "CONFIDENTIAL" constitute a concession that the documents, information or things are confidential.

18. Nothing in this Order precludes any party from seeking the entry of a separate confidentiality order or protective order by the Court, or from seeking to modify this Order with regard to any "Confidential" documents, information or things produced or given in this action or with regard to any other matter, for good cause shown.

19. At the conclusion of this action and any subsequent appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "Confidential" shall be destroyed, or the parties may elect to instead return "Confidential" documents to the designating party. Nothing in this paragraph, however, shall be construed as prohibiting the attorneys for any party from maintaining a complete file regarding this action, including copies of documents that have been designated "Confidential". Further, if a party had a document or a copy thereof in its possession prior to the commencement of this action, and that document was later designated "Confidential" by another party, nothing in this paragraph shall be construed as prohibiting the party who had the document or copies thereof in its possession prior to this action from retaining the document or copies thereof that were in its possession prior to the commencement of this action after the conclusion of this action.

20. This Protective Order shall bind the parties and their attorneys as soon as it is signed by attorneys for all of the parties, and it shall be submitted to the Court to be made an Order of the Court. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

It is **SO ORDERED**.

Enter: August 26, 2020

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge