CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/31/2020
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **RUTH ANN WARNER, as Guardian of JONATHAN JAMES BREWSTER WARNER** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Civil Action No.: 6:19-cv-55<br>)<br>) |
| **CENTRA HEALTH, INC., et al.,** | )<br>) |
| **Defendants.** | ) |

### ORDER

Jonathan James Brewster Warner was shot and severely injured at the Lynchburg General Hospital Psychiatric Emergency Center ("PEC"), which his part of Centra Health, Inc. Warner's guardian brought this action for damages asserting claims against Centra and others under 42 U.S.C. § 1983 and various state law causes of action. Plaintiff seeks from Centra documents related to firearms policies, training policies, and design prepared by the group which planned and designed the PEC. Centra relies on the affidavits of its president and executive director to contend that the sought–after discovery is protected under the peer review privilege codified at Va. Code § 8.01-581.17. Plaintiff has the affidavits, but not the 43 attached exhibits. Centra urges that I rely upon the affidavit exhibits to conclude that the documents prepared by the PEC fall under the peer review privilege, but Centra also urges that I not allow Plaintiff to review the exhibits because they fall under the peer review privilege. The motion to compel (Dkt. 53) before me is narrowly focused to require Centra to produce the affidavit exhibits so Plaintiff can then argue the larger point of whether the documents prepared in the design and organization of the PEC are protected under Va. Code § 8.01-581.17. I **GRANT** Plaintiff's motion.

I.      Background

On the evening of January 10, 2016, Jonathan James Brewster Warner ("Mr. Warner") came to the PEC under an emergency custody order. At some point early in the morning of January 11, a struggle ensued between Mr. Warner and PEC employees. Security guard Wesley Gillespie became involved and shot Mr. Warner multiple times, leaving him a paraplegic.

This federal action follows two state court suits Plaintiff filed against Centra and others in in Richmond and Lynchburg, both of which were voluntarily nonsuited under Va. Code § 8.01-380. In the Lynchburg case, Plaintiff served document requests for Centra to produce the communications leading up to the opening of the PEC about its firearms policies, training procedures, and design. Centra maintained that the discovery requests sought documents from the "PEC Group" which was a group consisting of Centra employees and representatives from Horizon Behavioral Health and the Lynchburg Police Department' Lynchburg–Central Virginia Crisis Intervention Team. Centra contends that the work of the PEC Group is protected peer review material under Virginia Code § 8.01–581.17(B).

The peer review privilege provides that "[t]he proceedings, minutes, records, and reports…together with all communications, both oral and written, originating in or provided to such committees or entities, are privileged communications which may not be disclosed or obtained by legal discovery proceedings…" Va. Code § 8.01–581.17(B). The Supreme Court of Virginia states that "[t]he obvious legislative intent" of § 8.01–581.17 as "to promote open and frank discussion during the peer review process among health care providers in furtherance of the overall goal of improvement of the health care system." HCA Health Services of Virginia, Inc. v. Levin, 260 Va. 215, 220, 530 S.E.2d 417, 420 (2000). See also Fleming v. Mountain States Health All., No. 1:11CV00050, 2012 WL 1909343, at *3 (W.D. Va. May 25, 2012). As

with other assertions of privilege, the party asserting a privilege under § 8.01–581.17 must show that the documents fulfill the statute's requirements. See United States v. Jones, 696 F.2d 1069, 1072 (4th Cir.1982).

> The peer review privilege applies to the following groups:
>
> [a] committee, board, group, commission or other entity that functions primarily to review, evaluate, or make recommendations on (i) the duration of patient stays in health care facilities; (ii) the professional services furnished with respect to the medical, dental, psychological, podiatric, chiropractic, veterinary, or optometric necessity for such services; (iii) the purpose of promoting the most efficient use or monitoring the quality of care of available health care facilities and services, or of emergency medical services agencies and services; (iv) the adequacy or quality of professional services; (v) the competency and qualifications for professional staff privileges; (vi) the reasonableness or appropriateness of charges made by or on behalf of health care facilities; (vii) patient safety, including entering into contracts with patient safety organizations, provided that such committee, board, group, commission, or other entity has been established pursuant to federal or state law or regulation, the requirements of a national accrediting organization granted authority by the Centers for Medicare and Medicaid Services to assure compliance with Medicare conditions of participation pursuant to § 1865 of Title XVIII of the Social Security Act (42 U.S.C. § 1395bb), or guidelines approved or adopted by a statewide or local association representing health care providers licensed in the Commonwealth pursuant to clause (iii) (f) of subsection B of § 8.01-581.17, or established and duly constituted by one or more public or licensed private hospitals, health systems, community services boards, or behavioral health authorities, or with a governmental agency…

Va. Code Ann. § 8.01-581.16(A). Thus, the central issue of whether the deliberations of the PEC Group are protected involves determining (1) who was in the group, (2) the primary function of the group, and (3) the authority which established the group.

In the Lynchburg case, Plaintiff objected to Defendant's assertion of privilege. Centra relied upon affidavits from Centra president Ted Stryker and Centra executive director Gina Meadows to assert that the PEC Group fell under the peer review protections. Centra filed the affidavits in state court under seal and provided them to Plaintiff, but refused to provide Plaintiff the 43 exhibits attached to the affidavits. Ultimately, Plaintiff withdrew its objection to Centra's

3

claim that the PEC documents were protected under the peer review privilege before the state court considered the issue. On October 29, 2018, the state court issued an order that Defendant's privilege claim "will be honored by the parties until such time in the future that the Court may rule upon the issue." Dkt. 52, Ex. B.

On August 15, 2019, Plaintiff filed the present action and now seeks in discovery the same documents regarding the firearms policies, training procedures and design of the PEC. Centra again relies upon the peer review privilege under § 8.01-581.17 and intends to rely again upon the affidavits and exhibits of Mr. Stryker and Ms. Meadows. Defendant refuses to produce to Plaintiff the exhibits to these affidavits despite asking that this court review the exhibits and conclude that documents and communications of the PEC group are privileged under § 581.17.

## II. Discoverability of the Exhibits

I do not need to determine at this stage whether the PEC group's documents and deliberations are cloaked with peer review protections under § 8.01-581.17. That time will come when Defendant either files a motion for a protective order or Plaintiff files a motion to compel production of the requested documents. At this stage, Centra intends to argue that the affidavits and attached exhibits of Mr. Stryker and Ms. Meadows are sufficient to carry its burden that the PEC group is a protected group under §§ 581.16 and 581.17. Yet, Centra contends that only the court review the affidavit exhibits which would preclude Plaintiff having an opportunity to challenge the evidentiary basis of Centra's privilege claim. I reject that contention.

Thus, I grant Plaintiff's motion to compel and require that Defendant produce within 10 days from the date of this order the 43 exhibits attached to the affidavits of Mr. Stryker and Ms. Meadows. Should Defendant not intend to rely upon the affidavits of Mr. Stryker and Ms. Meadows, it will not be required to produce the requested exhibits, but Defendant must produce

4

to Plaintiff any documents it intends to rely upon to assert that the work of the PEC group is protected under §§ 8.01-581.16 and 581.17. Likewise, Defendant may redact from the court's consideration (and, correspondingly, its production to Plaintiff) that portion of any document which contains substantive deliberations of the PEC Group.

It is so **ORDERED**.

Entered:  August 28, 2020

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge