IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| RUTH ANN WARNER, as Guardian of JONATHAN JAMES BREWSTER WARNER  Plaintiff,  v.  CENTRA HEALTH, INC., et al.,  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 6:19cv00055 |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION**

COMES NOW the Plaintiff, by counsel, and, moves the Court to compel Defendant Centra Health to respond to Plaintiff's First Interrogatories and Requests for Production. For the reasons stated below, the motion should be granted.

1. Presently before the Court is Centra's claim of privilege pursuant to Virginia Code § 8.01-581.17 over a large swath of information having to do with the creation and operation of the PEC where Mr. Warner was shot.

2. In short, Centra's position is that there was a "PEC Group" that satisfies the requirements of § 8.01-581.16, such that all communications and documentation among, to, or from this PEC Group is privileged.

3. In support of its claim of privilege, Centra has produced the affidavits of Ted Stryker and Gina Meadows, along with some selected exhibits. The parties subsequently scheduled depositions of Mr. Stryker and Ms. Meadows, as well as one other non-Centra witness, and established a briefing schedule and hearing date for the privilege issue.

{00678482-1 }

4. Among the elements of a § 581.16 group is that it must have been:

> **established pursuant to** federal or state law or regulation, the requirements of a national accrediting organization granted authority by the Centers for Medicare and Medicaid Services to assure compliance with Medicare conditions of participation pursuant to § 1865 of Title XVIII of the Social Security Act (42 U.S.C. § 1395bb), or guidelines approved or adopted by a statewide or local association representing health care providers licensed in the Commonwealth pursuant to clause (iii) (f) of subsection B of § 8.01-581.17, **or established and duly constituted by** one or more public or licensed private hospitals, health systems, community services boards, or behavioral health authorities, or with a governmental agency . . .

Va. Code § 581.16(A) (emphasis added).

5. Any hospital will have some groups or committees that are unquestionably covered by § 8.10-581.16—things like a Patient Safety Committee, a Credentialing Committee, a Quality Improvement Committee, and Infection Control Committee. These types of committees, even if they are called something else, exist at Centra. They will likely have documentation showing how and when they were "duly constituted," their mandate, their membership, etc. In light of the statutory language highlighted above, it would be probative of the issue at hand to know and see what it looks like when Centra "duly constitutes" a § 8.01-581.16 group or committee. That could then be compared to what documentation has been made available for this supposed PEC Group to see if it bears the hallmarks of Centra's undisputed § 581.16 groups or committees.

6. Accordingly, Plaintiff propounded her First Interrogatory and Request for Production on September 16th, 2020 (attached as <u>Exhibit 1</u>). This single interrogatory and single request for production sought information for Centra's other committees in the years 2013, 2014, and 2015. The purpose of this discovery is, as described above, to obtain the foundational and constitutional information and documentation of Centra's other § 581.16 groups or committees, for purposes of comparison against the record Centra has created with regard to the PEC.

7.      Centra took all of its allotted thirty days to respond, on Friday, October 16th at around 5:30 in the afternoon, with the same blanket objection to the two requests (attached as <u>Exhibit 2</u>.)

8.      In the interim, the depositions of the witnesses took place. These depositions only solidified the relevance of the requested information. Ted Stryker testified generally that for each committee or group he interacted with while employed at Centra, there was a formalized structure, charter and mission, and that there would be documentation showing the minutes of meetings and membership.[1]

9.      By contrast, when asked to point to where in any of the forty-three exhibits referenced in his affidavit that would show how and when the PEC Group was duly constituted, by whom, its membership, and its mandate, the best Mr. Stryker could come up with after a break of more than ten minutes was a single line of a single slide in a Power Point presentation that was presented at a planning meeting to identify goals for the coming year. Mr. Stryker also was not able to point to any minutes of the meetings of this "PEC Group" or any documentation showing its defined membership.

10.     If other § 581.16 committees or groups at Centra had formalized constitutional or foundational documentation, and this so-called PEC Group does not, that would further Plaintiff's position that no one at the time considered this PEC Group to be a § 581.16 group, and that Centra's claim of privilege is thus simply a *post hoc* justification for hiding bad evidence.

11.     Immediately upon receipt of Centra's wholesale objections to these two discovery requests, Plaintiff scheduled a meet-and-confer for Monday, October 19th—the next business

---

[1] Centra designated Mr. Stryker's deposition as "confidential" pursuant to protective order. Thus, specific references and excerpts of the deposition are not included in this document. Plaintiff will make Mr. Stryker's deposition transcript available to the Court upon request.

day—to determine whether there was any accommodation to be made that would result in Centra providing responsive information for committees or groups other than the PEC Group. To attempt to address Centra's burden objection, there was discussion of narrowing the date range of the requests, or of just seeking the foundational documents of a handful of specifically identified committees. Ultimately, however, Centra's counsel confirmed that it would stand on its objection as to any information about any group or committee other than the alleged PEC Group. The meet and confer was thus unsuccessful.

12. Accordingly, Plaintiff seeks a ruling from the Court compelling Centra to disclose foundational and constitutional information for other Centra committees in existence at the time of the so-called PEC Group.

Respectfully submitted,<br>
RUTH ANN WARNER, as Guardian of<br>
JONATHAN JAMES BREWSTER WARNER<br>
By Counsel

     /s/ E. Kyle McNew
_____
E. Kyle McNew, Esquire (VSB No. 73210)
M. Bryan Slaughter, Esquire (VSB No. 41910)
MICHIEHAMLETT
310 4th Street NE, 2nd Floor
P.O. Box 298
Charlottesville, Virginia 22902
(434) 951-7200; (434) 951-6464 Facsimile
bslaughter@michiehamlett.com
kmcnew@michiehamlett.com

M. Paul Valois (VSB No. 72326)
JAMES RIVER LEGAL ASSOCIATES
7601 Timberlake Road
Lynchburg, Virginia 24502
(434) 845-4529; (434) 845-8536 Facsimile
mvalois@vbclegal.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 19th day of October, 2020, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

 Stephan F. Andrews, Esquire (VSB No. 23756)
J. Brandon Sieg, Esquire (VSB No. 84446)
O'HAGAN MEYER, PLLC
411 E. Franklin Street, Suite 500
Richmond, VA 23219
(804) 403-7100; (804) 403-7110 Facsimile
sandrews@ohaganmeyer.com
bsieg@ohaganmeyer.com
*Counsel for Baskervill Architecture, Inc.*

Elizabeth Guilbert Perrow, Esquire (VSB No. 42820)
Daniel T. Sarrell, Esquire (VSB No. 77707)
Joshua F. P. Long, Esquire (VSB No. 65684)
Joshua R. Treece, Esquire (VSB No. 79149)
J. Walton Milam III, Esquire (VSB No. 89406)
WOODS ROGERS PLC
Post Office Box 14125
Roanoke, VA 24038-4125
(540) 983-7600
(540) 983-7711 Facsimile
eperrow@woodsrogers.com
dsarrell@woodsrogers.com
jlong@woodsrogers.com
jtreece@woodsrogers.com
wmilam@woodsrogers.com
*Counsel for Centra Health, Inc.*

Eric P. Burns, Esquire (VSB No. 76554)
Eric L. Olavson, Esquire (VSB No. 87872)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
(703) 245-9300
(703) 245-9301 Facsimile
eric.burns@wilsonelser.com
eric.olavson@wilsonelser.com
*Counsel for Dana Luck, James Barr, and Wesley Gillespie*

Jennifer D. Royer, Esquire (VSB No. 68099)
ROYER LAW FIRM, PC
Post Office Box 4525
Roanoke, Virginia 24015
(540) 788-2982
(540) 675-4093 Facsimile
jroyer@royerlawfirm.com
*Counsel for Katherine Prater*

          /s/ E. Kyle McNew