# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | |
|---|---|
| **RUTH ANN WARNER, as Guardian of JONATHAN JAMES BREWSTER WARNER**        **Plaintiff,**  v.  **CENTRA HEALTH, INC., et al.,**        **Defendant.** | )<br>)<br>)<br>)<br>)<br>)   **CIVIL ACTION NO. 6:19–CV–55**<br>)<br>)<br>)<br>) |

## ORDER

This matter is before the Court on Plaintiff's motion to compel Defendant Centra Health, Inc. ("Centra") to respond to Plaintiff's first interrogatory and request for production. Dkt. 67. A hearing was held before this Court on November 9, 2020. The Court has considered the oral arguments of counsel, the pleadings filed, and the applicable law. For the reasons set forth below, I **GRANT IN PART** Plaintiff's motion.

This action arose after Jonathan Warner was shot and severely injured at Lynchburg General Hospital's Psychiatric Emergency Center ("PEC").[1] Dkt. 1. Plaintiff brought claims against multiple defendants, including Centra, under both 42 U.S.C. § 1983 and state law. Id. Plaintiff ultimately seeks documents (such as firearms and training policies) created by the group that designed the PEC ("PEC Group"), but Centra asserts that such documents are protected under Virginia's peer-review privilege, Va. Code § 8.01-581.17. Dkt. 70. I do not address the larger privilege issue in this Order.[2]

---

[1] Centra owns Lynchburg General Hospital. Dkt. 1.

[2] This is Plaintiff's second motion to compel not associated with the ultimate privilege issue. See Dkt. 53, 62.

Here, Plaintiff moves to compel Centra to respond to her first interrogatories and requests for production, which seek, respectively, an identification of all committees created within Centra Health from 2013 to 2015 and documents relevant to the formation, mission, and membership of these committees. Dkt. 67, 68. Plaintiff's stated purpose is to later use this information to support her claim that the PEC Group does not qualify for peer-review privilege. See, e.g., Dkt. 74, p. 4. Centra objects, asserting that this discovery request exceeds the scope of Federal Rule of Civil Procedure 26(b)(1). Dkt. 71.

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." Bell Inc. v. GE Lighting, LLC, 6:14-cv-00012, 2015 WL 1630754, at *6 (W.D. Va. Apr. 23, 2014) (citing Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 402 (4th Cir. 2003)). A party is entitled to information that is nonprivileged and relevant to a claim or defense in the matter at issue. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2)(C)(iii) requires the court to limit the frequency or extent of proposed discovery if it "is outside the scope permitted by Rule 26(b)(1)." A discovery request must be "proportional to the needs of the case," considering the importance of the issues, the amount in controversy, the parties' access to information and their resources, the importance of discovery, and whether the burden or expense of discovery outweighs any likely benefit. Fed. R. Civ. P. 26(b)(1). If a party fails to produce requested information, the requesting party may move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B).

Plaintiff's discovery request falls within Rule 26(b)(1)'s broad parameters. The information Plaintiff seeks is not privileged. Centra is correct that Plaintiff's discovery request likely includes committees that qualify for privilege under the peer-review statute, but even so, the specific information and documents Plaintiff seeks do not. Many communications under Va.

Code. § 8.01-581.17 are privileged, but not all are protected.[3] The statute does not directly address whether formation documents are privileged, nor does Centra cite any case law that suggests as much.[4] The General Assembly's purpose in enacting Va. Code § 8.01-581.17 was not directed at formation documents, but rather to protect "vigorous debate" in the peer-review process. See Mangano v. Kavanaugh, 30 Va. Cir. 66 (1993); see also HCA Health Services of Virginia, Inc. v. Levin, 260 Va. 215, 220 (2000) (stating that the General Assembly's purpose in enacting Va. Code § 8.01-581.17 was "to promote open and frank discussion during the peer review process among health care providers in furtherance of the overall goal of improvement of the health care system"). Plaintiff's request is limited to non-substantive documents regarding membership, mission, and creation of such groups. Dkt. 68. She does not request the proceedings, minutes, records, or reports of these groups or any document that lies at the heart of the privilege.

Centra further asserts that Plaintiff's discovery requests are irrelevant. Dkt. 71, p. 5. Relevancy under the Federal Rules of Civil Procedure 26 "has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC, No. 1:06-cv-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) ("During discovery, relevance is broadly construed to 'encompass any matter that bears on, or that reasonably could lead to other matter

---

[3] Va. Code § 8.01-581.17 makes privileged the "proceedings, minutes, records, and reports" and "all communications, both oral and written, originating in or provided to" certain groups, including those identified in Va. Code § 8.01-581.16. Though the statute uses the phrase "all communications," some Virginia courts have specifically held that the phrase is limited by principles of statutory construction. See e.g., Owens v. Children's Hosp. of King's Daughters, Inc., 45 Va. Cir. 97, (1997) (limiting the meaning of "all communications" based on *ejusdem generis*). The statute excludes from privilege any document relating "to any factual information regarding specific patient health care or treatment, including patient health care incidents, whether oral, electronic, or written." The statute additionally contains a "good cause" exception for extraordinary circumstances, which allows a court after a hearing to order "the disclosure of such proceedings, minutes, records, reports, or communications."

that could bear on, any issue that is or may be in the case.'") (quoting <u>Oppenheimer Fund., Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978)). Given the broad construction afforded to the rules of discovery, Plaintiff's discovery requests are relevant. Centra argues that the PEC Group is a protected group under Va. Code §§ 8.01-581.16 and .17 and that therefore the documents prepared in the design and organization of the PEC are protected under peer-review privilege. Dkt. 70, p. 1. Plaintiff's discovery request for other groups within Centra is relevant to her argument that the PEC Group fundamentally differs from Centra's other groups, does not qualify as an "entity as specified in § 8.01-581.16" and, therefore, cannot qualify for peer-review privilege under Va. Code § 8.01-581.17. Dkt. 68, p. 2. In other words, such information will directly bear on the ultimate privilege claim and is relevant to Plaintiff's claims. Dkt. 68, 74. Plaintiff has satisfied her burden that the discovery requests are relevant to the issues in this case.

Centra finally argues that the requested discovery is disproportional and unduly burdensome. Proportionality, like relevance, is "accorded a broad and liberal construction." <u>In re: Am. Med. Sys., Inc.</u>, MDL No. 2325, 2016 WL 307794, *4 (S.D.W. Va. May 31, 2016). But, "the court must limit the frequency or extent of discovery" if it determines the proposed request, even if relevant, is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(2)(C). Here, Plaintiff seeks to gather information about the creation of other committees within Centra qualifying for peer-review privilege. Yet, Plaintiff requests documents from "all committees in existence within Centra" between 2013 and 2015. Dkt. 68-1, p. 2–3. This request includes many committees that would clearly not qualify for such privilege. Having considered the importance of the issues and the proportionality of the requested discovery to the needs of the case, I find it appropriate to limit the discovery request to committees that qualify for peer-review privilege

existing between 2013 and 2015 within Lynchburg General Hospital. As limited, Plaintiff's first interrogatory and request for production is permitted by Rule 26(b).

Accordingly, Centra's motion to compel (Dkt. 67) is **GRANTED IN PART** as limited above. Centra is **ORDERED** to produce discovery by November 13, 2020.

It is so **ORDERED.**

Entered:  November 11, 2020

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge