CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
1/22/2021
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **RUTH ANN WARNER, as Guardian of JONATHAN JAMES BREWSTER WARNER** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | **CIVIL ACTION NO. 6:19–CV–55** |
| **CENTRA HEALTH, INC., et al.,** ) ) ) ) | |
| **Defendant.** ) | |

# ORDER

This matter is before the Court on Defendant Centra Health, Inc.'s ("Centra") motion to determine whether Virginia's peer-review privilege, Va. Code § 8.01–581.17, applies to documents related to the design, development, and formation of Lynchburg General Hospital's Psychiatric Emergency Center ("PEC"). Dkt. 69. Centra filed this motion to determine whether the privilege applied to certain discovery requests incorporated from Plaintiff Ruth Warner's ("Warner") prior state court action. See Dkts. 56, 69, 84. I construe Centra's motion as a request for a protective order under Fed. R. Civ. P. 26. Because Warner's discovery requests are no longer relevant or proportional to the needs of the case, Centra's motion is **DENIED as moot**.

This action arose after Jonathan Warner ("Jonathan") was shot and severely injured on January 11, 2016, while at the PEC under an Emergency Custody Order ("ECO").[1] Am. Compl.

---

[1] An ECO is issued when a magistrate has probable cause to believe that a person "(i) has a mental illness and that there exists a substantial likelihood that, as a result of mental illness, the person will, in the near future [cause or suffer serious harm], (ii) is in need of hospitalization or treatment, and (iii) is unwilling to volunteer or incapable of volunteering for hospitalization or treatment." Va. Code Sec. 37.2–808(A). When an ECO is issued, the person "shall be taken into custody and transported to a convenient location to be evaluated." Va. Code Sec. 37.2–808(B)

¶¶ 1, 61–62, 169. Warner seeks documents from the group responsible for designing the PEC (the "PEC Group"). At the Court's request, Warner provided these discovery requests from the incorporated state court action. Dkt. 84.[2] The discovery requested and currently at issue relates to the development of policies regarding patient intake.[3]

Since filing this motion, Judge Moon granted in part Defendants' motion to dismiss and dismissed several of the claims to which the discovery requests were directed. The following claims remain: Battery (Count V) against Centra and Defendant Wesley Gillespie ("Gillespie") and Medical Malpractice (Count VII) against Centra and Defendants Michael Judd ("Judd") and Michael Dunlop ("Dunlop"). Dkt. 86, 87. Judge Moon dismissed without prejudice Plaintiff's claim against Gillespie for Use of Excessive Force (Count II) and allowed leave to amend. Dkt. 86. All other claims were dismissed with prejudice as to all defendants: Unreasonable Seizure (Count I), Deprivation of Due Process (Count III), Municipal Liability (Count IV), Negligence and Gross Negligence (Count VI). Id. Plaintiff previously settled her Negligent Design claim (Count VIII) against Baskervill Architecture, Inc. Dkt. 85, 89.

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." Bell Inc. v. GE Lighting, LLC, 6:14–cv–00012, 2015 WL 1630754, at *6 (W.D. Va. Apr. 23, 2014) (citing Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003)). A party is entitled to information that is relevant to a claim or defense in the

---

[2] The discovery requested overwhelmingly related to the development of policies relating to weapons and safety, patient intake, and staffing and training as well as documents related to the development of the PEC (e.g. contracts and funding) and communications made after the shooting. Dkt. 84. Per Warner's January 5, 2021, letter to the court, she specifically seeks documents focused on "the background and reasons behind the PEC's policy of limitation to voluntary patients, the PEC's intake and admission practices, and the Emergency Department to PEC protocols." Dkt. 100.

[3] To the extent Warner seeks the finalized patient intake policies (as opposed to the "background and reasons" for the polices) I grant her request. Centra's counsel indicated that they produced at least some finalized PEC policies at the November 2020 hearing on this motion.

matter at issue, and "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351–52 (1978); see Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2)(C)(iii) requires the court to limit the frequency or extent of proposed discovery if it "is outside the scope permitted by Rule 26(b)(1)." A discovery request must be relevant and "proportional to the needs of the case," considering the importance of the issues, the amount in controversy, the parties' access to information and their resources, the importance of the discovery, and whether the burden or expense of discovery outweighs any likely benefit. Fed. R. Civ. P. 26(b)(1).

Nevertheless, "discovery, like all matters of procedure, has ultimate and necessary boundaries." Oppenheimer Fund, 437 U.S. at 351–52 (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947). A court must strike a balance between "the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial." Tustin v. Motorists Mut. Ins. Co., No. 5:08–cv–111, 2009 WL 10675150, at *3 (N.D.W. Va. Jan. 23, 2009). "District courts enjoy nearly unfettered discretion to control the timing and scope of discovery." Hinkle v. City of Clarksburg, 81 F.3d 416, 426 (4th Cir. 1996).

Warner alleges medical malpractice against Defendants Dunlop, Judd, and Centra. Am. Compl. ¶¶ 171–76. Warner claims that these defendants breached the standard of care by "fail[ing] to transfer Jonathan to another, appropriate facility for treatment" after a magistrate issued an ECO for Jonathan. Am. Compl. ¶ 174. Warner specifically argues that since an ECO requires "a finding that he could not act on his own behalf," Dkt. 100, that treatment at the PEC, "a purely voluntary facility," was not proper. Am. Compl. ¶¶. 72–73, 174. Warner additionally alleges that Defendants breached the standard of care by "fail[ing] to provide the appropriate, necessary treatment for Jonathan's deteriorating mental health condition," "fail[ing] to ensure

that Jonathan had access to and received the appropriate medications to mitigate the effects of his psychosis," "fail[ing] to ensure that Jonathan's medical condition was properly managed and/or that [he] was adequately sedated," and "fail[ing] to comply with the applicable standards of care under the circumstances then and there existing."[4]

Though the finalized patient intake policies themselves may be relevant to Warner's medical malpractice claim, the development, creation, and decision-making leading up to the finalized policies certainly is not.[5] See Fed. R. Civ. P. 26(b)(1). Decisions made in developing the policy would shed little light on the treatment decisions made in Jonathan's specific case. The question at hand is one of a series of medical decisions responding to a specific patient in a specific situation. Conversations had during the formation and development of the PEC will provide no insight as to the concrete decisions made and whether those decisions violated any applicable standard of care. There is no evidence presented by Warner that Dunlop, Judd, or any other healthcare professional on the scene considered the formation of such policies in rendering medical treatment. Furthermore, I find that such discovery is not proportional to the needs of this case as documents detailing choices made in crafting policies are not important to the remaining medical malpractice, battery, and excessive use of force claims.

Accordingly, Centra's motion to determine whether Virginia's peer-review privilege, Va. Code § 8.01–581.17, applies to documents related to the design, development, and formation of the PEC is **DENIED as moot,** but is **GRANTED in part** to the extent that the discovery requests seek documents from the PEC Group as such discovery is not relevant or proportion to

---

[4] Warner also alleges direct and vicarious liability against Centra.

[5] Such discovery would also not be relevant to Warner's Use of Excessive Force or Battery claims. Warner does not raise any arguments as to her discovery request's relevance to these counts. Dkt. 100.

the remaining claims. The motion is **DENIED in part** to the extent that any of the discovery requests seek finalized polices from the PEC Group regarding issues raised in the remaining claims.

                                              Entered: January 22, 2021

*Robert S. Ballou*

                                              Robert S. Ballou
                                              United States Magistrate Judge