# **<u>EXHIBIT 1</u>**

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG

RUTH ANN WARNER, as Guardian of
JONATHAN JAMES BREWSTER WARNER,

    Plaintiff,

v.                                                      Case No.: CL18-220

CENTRA HEALTH, INC., et al.

    Defendants.

## ORDER

On August 3, 2018, the parties to this action came, by counsel, to be heard on the following: (1) Defendant Centra Health, Inc.'s ("Centra") assertion of privilege under Virginia Code § 8.01-581.17; (2) Centra's Motion to Compel Plaintiff Ruth Ann Warner, as Guardian for Jonathan Warner, ("Plaintiff"), to comply with Centra's First Request for Inspection and Copying; (3) Centra's Motion to Compel Daniel Warner, Stephen Warner, Joshua Warner, Victoria Warner, Loveleelou Warner, James Warner and Philip Warner (the "Warner Siblings") to comply with the Subpoenas *Duces Tecum* served on them; (4) the Warner Siblings' Motion to Quash the Subpoenas *Duces Tecum* served on them; (5) Centra's and Jason Bryan's ("Bryan") Motions to Quash the Subpoena *Duces Tecum* served on Bryan; and (6) Centra's Motion to Quash the Subpoena *Duces Tecum* served on the Virginia Department of Corrections ("VDOC").

Upon consideration of the pleadings and memoranda filed by the parties and the Warner Siblings and the arguments of counsel, and for the reasons stated by the Court on the record at the hearing, it is ORDERED as follows:

1. On or before August 10, 2018, Centra shall produce a privilege log identifying certain privileged communications under Virginia Code § 8.01-581.17. On or before August 22, 2018, Plaintiff shall file any response seeking disclosure of such communications pursuant to Virginia Code § 8.01-581.17(B). On or before August 31, 2018, Centra shall file any reply. The Court will hear this issue on September 6, 2018.

2. Centra's Motion to Compel Plaintiff to comply with Centra's First Request for Inspection and Copying is GRANTED in part. To the extent Plaintiff has not done so already, within seven (7) days of entry of this Order, Plaintiff shall identify, retrieve, assemble and provide to a third party vendor for imaging and inventorying at their own cost all mobile phones, tablets, desktop and laptop computers, pagers and other electronic devices that Jonathan Warner or Ruth Ann Warner have owned or used at any time from December 1, 2015 to present (the "Plaintiff Devices"). Within thirty five (35) days of entry of this Order, Plaintiff shall produce: (a) all communications between Jonathan Warner and Ruth Ann Warner on any of the Plaintiff Devices; (b) all non-privileged communications to or from Ruth Ann Warner or documents created, generated or possessed by Ruth Ann Warner that refer or relate to Jonathan Warner, Centra, this lawsuit, the shooting incident or any other events on January 10-11, 2016 on any of the Plaintiff Devices; (c) the entire non-privileged contents of all of the Plaintiff Devices from December 1, 2015 to January 31, 2016, including, without limitation, all emails, text messages, calendar entries, task list entries, pictures, videos, internet favorites, internet search histories and other files, documents and communications created, generated, downloaded, saved, sent, received or existing on any of the Plaintiff Devices at any time between those dates; (d) all non-privileged communications to or from Jonathan Warner or documents created, generated or possessed by Jonathan Warner that refer or relate to Centra, this lawsuit, the shooting incident or any other

events on January 10-11, 2016 on any of the Plaintiff Devices; and (e) all other non-privileged contents of all of the Plaintiff Devices from any time period, including, without limitation, all emails, text messages, calendar entries, task list entries, pictures, videos, internet favorites, internet search histories and other files, documents and communications, and all other documents and things in Jonathan Warner or Ruth Ann Warner's possession, custody or control that are responsive to Centra's First or Second Requests for Production or relevant to any claims, defenses or issues in this case, including, without limitation, anything referring or relating to or depicting or informing as to the shooting incident or any other events on January 10-11, 2016, the trip to Florida in December 2015, Jonathan Warner's medical treatment, his taking or failure to take medications or the effect thereof, his use of or familiarity with guns, tasers, knives, or other weapons, his threats of or engagement in violence or physically or verbally aggressive or abusive behavior, his response to authority, his use of alcohol or drugs or his discussion of or engagement in illegal activities. Within thirty five (35) days of entry of this Order, Plaintiff also shall produce any other contents of the Plaintiff Devices referring or relating to or depicting or informing as to Jonathan Warner's mental state during any time period; provided that Centra shall provide search terms or additional guidance and direction to Plaintiff upon reasonable request to facilitate this additional production. Plaintiff shall produce a complete inventory and log identifying each of the Plaintiff Devices (including approximate date of purchase, dates of use, make, model, serial number, vendor, carrier, device owner(s) and user(s) and amount of data in megabytes or gigabytes) and anything responsive to this paragraph that is being withheld on privilege grounds.

    3.    Centra's Motion to Compel the Warner Siblings to comply with the Subpoenas *Duces Tecum* served on them is GRANTED in part. Within fourteen (14) days of entry of this Order, the Warner Siblings shall review the entire contents of all mobile phones, tablets, desktop

3

and laptop computers, pagers and other electronic devices that any of them have owned or used at any time from December 1, 2015 to present (the "Warner Sibling Devices") and produce within thirty-five (35) days of entry of this Order: (a) all communications between Jonathan Warner and any of the Warner Siblings from December 1, 2015 to January 31, 2016; (b) all communications between Ruth Ann Warner and any of the Warner Siblings from December 1, 2015 to January 31, 2016; and (c) all non-privileged communications to or from any of the Warner Siblings, documents created, generated, or possessed by any of the Warner Siblings, and all contents of all of the Warner Sibling Devices that refer or relate to Jonathan Warner's mental state at any time between December 1, 2015 and January 31, 2016 irrespective of the date when the communication was made, Centra, this lawsuit, the shooting incident or any other events on January 10-11, 2016, or the trip to Florida in December of 2015, or that discuss or question Jonathan Warner's mental health diagnoses or sanity or suggest that Jonathan Warner may not be insane.

4. The Warner Siblings' Motions to Quash the Subpoena *Duces Tecum* served on them are DENIED in part. The Warner Siblings shall comply with Paragraph 3 above.

5. Centra's and Bryan's Motions to Quash the Subpoena *Duces Tecum* served him is DENIED in part. Within twenty one (21) days of entry of this Order, Bryan shall produce any non-privileged documents and things in his possession, custody or control that are responsive to items 1, 4, 5 in Exhibit A to the Subpoenas *Duces Tecum* served on him ("Exhibit A"), that are responsive to item 2 in Exhibit A to the extent any such communications relate to mental health incidents involving CIT training, that constitute the training portions of any such resumes, curricula vitae or employment applications requested in item 3 in Exhibit A, and that are responsive to items 6 and 7 in Exhibit A to the extent any such records relate to his employment with Centra.

4

6. Centra's Motion to Quash the Subpoena *Duces Tecum* served on VDOC is DENIED as moot based on VDOC already having produced responsive documents. Centra's objections to the Subpoena *Duces Tecum* served on VDOC are preserved.

The Court and counsel recognize that the subject matter of portions of this order concerns an unknown quantity of electronically stored information on various devices, and thus the Court may revisit the time periods and breadth of requested information to the extent necessary.

The Clerk is requested to send a copy of this Order to all counsel of record.

ENTER  11/2/18



The Honorable F. Patrick Yeatts

We Ask for This as to Paragraphs 1-4 and 6 and Objected to as to Paragraph 5 for the reasons stated in Centra's and Bryan's pleadings and memoranda and on the record at the hearing:

_____
Elizabeth Guilbert Perrow, Esquire (VSB No. 42820)
Daniel T. Sarrell, Esquire (VSB No. 77707)
Joshua F. P. Long, Esquire (VSB No. 65684)
Joshua R. Treece, Esquire (VSB No. 79149)
J. Walton Milam, III, Esquire (VSB No. 89406)
WOODS ROGERS PLC
P.O. Box 14125
Roanoke, VA 24038
(540) 983-7600; (540) 983-7711 Facsimile
eperrow@woodsrogers.com
dsarrell@woodsrogers.com
jlong@woodsrogers.com
jtreece@woodsrogers.com
wmilam@woodsrogers.com

*Counsel for Defendant Centra Health, Inc.*


Seen and Agreed:
_____
Stephan F. Andrews, Esquire (VSB No. 23756)
J. Brandon Sieg, Esquire (VSB No. 84446)
VANDEVENTER BLACK LLP
901 E Byrd Street, Suite 1600
Richmond, VA 23219
(804) 237-8800; (804) 237-8801 Facsimile
sandrews@vanblacklaw.com
bsieg@vanblacklaw.com

*Counsel for Defendant Baskervill Architecture, Inc.*

6

Seen and

_/s/_

M. Bryan Slaughter, Esquire (VSB No. 41910)
E. Kyle McNew, Esquire (VSB No. 73210)
MICHIEHAMLETT
500 Court Square, Suite 300
P.O. Box 298
Charlottesville, Virginia 22902
(434) 951-7200; (434) 951-6464 Facsimile
bslaughter@michiehamlett.com
kmcnew@michiehamlett.com

M. Paul Valois (VSB No. 72326)
JAMES RIVER LEGAL ASSOCIATES
7601 Timberlake Road
Lynchburg, Virginia 24502
(434) 845-4529; (434) 845-8536 Facsimile
mvalois@vbclegal.com

*Counsel for Plaintiff*

Seen and

_/s/ SDM Sr./_

Steven D. McFadgen, Sr., Esq.
McFadgen Law PLC
3831 Old Forest Road, Suite 6
Lynchburg, Virginia 24501
muchmorelaw@gmail.com

*Counsel for the Warner Siblings*

CC: Attys